UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL L. CONE

v.  Case No.:  8:10-cv-1975-T-24 MAP
                   8:06-cr-43-T-24 MAP

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause is before the Court upon Petitioner Michael Cone's Second Motion for Independent Judicial Review.  (CV Doc. No. 4; CR Doc. No. 414).  In this motion, Petitioner requests that another judge review his pending § 2255 motion.  The Petitioner takes issue with the undersigned's rulings during the criminal case as the basis for this motion.

It appears that Petitioner is requesting that the undersigned recuse herself pursuant to 28 U.S.C. § 144, which states that recusal is mandated "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  However, in order for the alleged bias or prejudice to be disqualifying under § 144, it must come from an extrajudicial source.  See Liteky v. U.S., 510 U.S. 540, 544 (1994)(citation omitted).

In Liteky, the Supreme Court discussed the types of bias and prejudices that warrant recusal:

> [Not all bias and prejudice warrants recusal.  Instead, recusal is warranted only when the bias or prejudice] is somehow *wrongful* or *inappropriate,* either because it is undeserved, or because it rests upon knowledge that the [judge] ought not to

> possess . . . or because it is excessive in degree . . . .
>
>                         \*        \*        \*
>
> [Thus, a] judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.
>
>                         \*        \*        \*
>
> [Thus,] opinions held by judges as a result of what they learned in earlier proceedings [do not normally provide a basis for recusal]. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.
>
>                         \*        \*        \*
>
> [However, a] favorable or unfavorable predisposition can . . . [be characterized as wrongful or inappropriate] even though it springs from the facts adduced or the events occurring at trial, [if the predisposition] . . . is so extreme as to display clear inability to render fair judgment.

Id. at 550-51.

The Liteky court went on to state:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves ( *i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

Id. at 555 (internal citations omitted).

2

"To warrant recusal under § 144, the movant must allege facts that would convince a reasonable person that bias actually exists." U.S. v. Spuza, 194 Fed. Appx. 671, 676 (11th Cir. 2006)(citation omitted). After considering the allegations of bias and prejudice set forth in the motion and accompanying affidavit, the Court finds that they would not convince a reasonable person that bias or prejudice actually exists. Essentially, Petitioner challenges the propriety of the Court's rulings, which is not a sufficient basis to mandate recusal. See id. at 677 (citations omitted); Johnson v. Monaco, 350 Fed. Appx. 324, 327 (11th Cir. 2009)(noting that adverse rulings alone are not sufficient to demonstrate a court's impartiality absent a showing of pervasive bias)(citations omitted). Accordingly, the Court finds that recusal under § 144 is not warranted.

Petitioner also cites a First Circuit case, Halliday v. U.S., 380 F.2d 270 (1st Cir. 1967), and argues that a judge other than the trial judge should rule on a § 2255. Petitioner's reliance on Halliday is misplaced. Not only is the Halliday case not binding on this Court, but Rule 4(a) of the Rules Governing § 2255 Proceedings specifically states that a petitioner's § 2255 motion must be considered by the judge who presided over the petitioner's trial and sentenced him if that judge is available.

Accordingly, it is ORDERED AND ADJUDGED that Petitioner Michael Cone's Second Motion for Independent Judicial Review (CV Doc. No. 4; CR Doc. No. 414) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of March, 2011.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record

3